

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 23, 1940

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-1978
Re: Whether under Article 7047e,
Vernon's Civil Statutes, a
deed of trust securing an
obligation insured by the
Federal Housing Administration
must be stamped in order to
be recorded.

In your letter of February 17, 1940, you submit to us the
following facts:

"On August 17, 1938, there was filed for record in
Dallas County a Deed of Trust executed by Stevens
Park Apartments, Inc., to Carroll L. Jones, Trustee
for the Prudential Insurance Company of America, in
the amount of $405,000.00. At the time of filing there
were no State documentary stamps affixed to the instru-
ment, pursuant to a ruling of H. L. Williford, Assistant
Attorney General, to Hon. Morris G. Rosenthal, Assistant
District Attorney, Houston, opinion being dated May 12,
1938.

"Despite this ruling, the mortgagee collected
$405.00 and has held this amount in escrow subject
to any possible claim being presented to it for payment
of this tax. Stevens Park Apartments is now being
liquidated and it is the desire of the parties in-
volved to dispose of the $405.00 held in escrow."

You request our opinion as to whether or not such deed
of trust should be exempt from the tax levied by Article 7047§,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Vernon's Civil Statutes, in view of the fact that siad instrument was in security of an indebtedness insured by the Federal Housing Administration.

At the time of the above transaction, said Article 7047e, Vernon's Civil Statutes, read in part as follows:

"(a) Except as herein otherwise provided, there is hereby levied and assessed a tax of ten cents (10¢) on each One Hundred Dollars ($100) or fraction thereof, over the first two Hundred Dollars ($200), on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; providing that no tax shall be levied on instruments for an amount of Two Hundred Dollars ($200) or less. After the effective date of this Act, except as hereinafter provided, no insturment creating a lien of any character to secure the payment of money, or reserving title to any property until the purchase price thereof shall have been paid, shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this Section; and providing further that the provisions of this Section shall not apply to renewals or extensions of any notes or obligations, and specifically shall not apply to refunding of existing bonds or obligations. And providing further this Section shall not apply to notes and obligations or instruments securing same taken by or on behalf of the United States or any corporate agency or instrumentality of the United States Government in carrying out a governmental purpose as expressed in any Act of the Congress of the United States."

It will be first noted that this note and deed of trust were not taken by any agency or instrumentality of the United States Government. The tax in question is levied upon the recording of an instrument of security and falls upon the beneficiary of the mortgage or deed of trust, in this instance the Prudential Insurance Company of America. If there is any burden cast upon the Federal Housing Administration through its insurance of this loan and others of the same character the same is remote and indirect and cannot have the influence of exempting these

instruments from the tax.  See James v. Dravo Construction Co., 302 U.S. 134, 82 L. Ed. 155.  We have read the opinion of Mr. Williford to which you refer and the same is entirely susceptible of the construction that such instruements would be exempt from the tax.  However, subsequent letter opinions written by Mr. Williford declare that he did not intend to so hold, H. L. Williford, Assistant Attorney General, to Frank R. Newton, Jr., August 6, 1938; H. L. Williford, Assistant Attorney General, to Albert G. Trawalter, September 10, 1938.

Our answer to your question is that the deed of trust mentioned in your letter was subject to the tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/
          Glem R. Lewis
          Assistant

GRL:n


APPROVED BEF 27, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B.W.B., Chairman